# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE RESIDENCE AND ANY STRUCTURES OR ACCESSORY BUILDINGS OR VEHICLES LOCATED AT 30911 NODAWAY DRIVE, LEBANON, MISSOURI 65536 | 23-SW-2016DPR<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Brian J. Fox, Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 30911 Nodaway Drive, Lebanon, Laclede County, Missouri 65536 (hereinafter "PREMISES"), a location within the Western District of Missouri, and any structures or accessory outbuildings on the property, to include vehicles found on the PREMISES, as further described in Attachment A, and seizure of items further described in Attachment B.

2. I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and I have been so employed since April 2008. Prior to my employment with ATF, I was a Trooper with the Missouri State Highway Patrol ("MSHP") for approximately seven years and a Criminal Investigator within the MSHP Division of Drug and Crime Control for approximately one year. I have received formal training at the MSHP Law Enforcement Academy, Federal Law Enforcement Training Center, and the ATF National Academy. I am a federal law enforcement officer as defined in Rule 41 of the Federal

1

Rules of Criminal Procedure and I am authorized by federal law to request a search warrant. During my tenure as a federal agent, I have participated in investigations relating to the illegal possession and sale of firearms, including investigations involving individuals engaging in the business of dealing in firearms without a license. Through my employment in law enforcement, I have received training and experience with applying for and executing search warrants relating to residences.

3. As a result of my training and experience as an ATF Special Agent, I am familiar with federal firearms laws and know that it is a violation under 18 U.S.C. § 922(a)(1)(A) for any person "except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce." I also know that, under 18 U.S.C. § 921(a)(21)(C), the term "engaged in the business" means

> as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

4. I have participated in the investigation of the offenses set forth in this Affidavit. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents. This Affidavit is made for the limited purpose of obtaining a search warrant and, therefore, it contains only the relevant facts necessary to establish probable cause to obtain a search warrant for the PREMISES. I have not included each and every fact known to me concerning the individuals, entities, and the events described in this Affidavit.

5. Based on my training and experience and the facts set forth in this Affidavit, I respectfully submit that there is probable cause that violations of 18 U.S.C. §§ 922(a)(1) (engaging in the business of dealing in firearms without a license) have been committed by Phillip ALTON ("ALTON"). There is also probable cause that ALTON has used the PREMISES and cell phones located on the PREMISES to commit and facilitate the commission of such offenses. Therefore, there is probable cause to search the PREMISES, further described in Attachment A, for the things described in Attachment B, including for evidence, fruits, and instrumentalities of such criminal violations.

## PROBABLE CAUSE

6. On Thursday, October 6, 2022, ATF received information from a Federal Firearms Licensee ("FFL"), located in Taney County, in the Western District of Missouri. The FFL self-reported several firearms transfers, involving a total of 600 firearms, to Phillip ALTON. The FFL management became aware of the transfers during a firearm trace request for one of the firearms transferred to ALTON. A check of ATF's Federal Licensing System showed that ALTON is not a Federal Firearms Licensee.

7. On Tuesday, November 1, 2022, I contacted an FFL located in Ohio and requested order information regarding a purchase of 100 firearm receivers by ALTON. I learned from this order information that, on or about August 18, 2022, ALTON, of 236 Green Acres Road, Branson, Missouri, placed an online order with the FFL. 236 Green Acres Road, Branson, Missouri 65616 is a location within the Western District of Missouri. The telephone number provided by ALTON was (573) XXX-0169. The purchase was for 100 AR-type receivers, which were further identified as Anderson Manufacturing, model AM15 Ghost, lower receivers. The purchase price was $44.95 each, for a total of $4,495.00. A MasterCard, ending in -7019, was used for this purchase. The

firearms were shipped to an FFL in Taney County, Missouri. On August 24, 2022, the lower receivers were transferred to ALTON.

8. On Tuesday, November 1, 2022, I contacted an FFL located in Kentucky, and requested order information regarding purchases of firearms by ALTON. I learned from this order information that, on June 27, 2022, ALTON, of 236 Green Acres Road, "Lebanon", Missouri, telephonically placed an order with the FFL. The telephone number used by ALTON was: (573) XXX-0169. The purchase was for 100 AR-type receivers, which were further identified as Anderson Manufacturing, model AM-15 (no logo), lower receivers. The purchase price was $189.95 (per 5-pack), for a total of $3,799.00. A MasterCard, ending in -7019, was used for this purchase.

9. On August 15 and August 22, 2022, ALTON, of 236 Green Acres Road, Branson, Missouri, placed an online order for Anderson Manufacturing, model AM-15 (no logo), lower receivers, totaling 200 firearms, at a cost of $3,899.80 per order. A MasterCard, ending in -7019, was used for these purchases.

10. On September 19 and September 26, 2022, ALTON, of 236 Green Acres Road, Branson, Missouri, placed telephonic orders for Anderson Manufacturing, model AM-15 (no logo), lower receivers, totaling 200 firearms, at a cost of $3,899.80 per order. ALTON utilized United States Postal Service Postal Money Orders for these purchases to obtain a three percent discount for cash/check, as the prices had risen for the firearms.

11. All of the firearms ALTON purchased from the FFL in Kentucky during this time period were shipped to an FFL in Taney County, Missouri, and transferred to ALTON after he completed the required Firearms Transaction Records (ATF Form 4473).

12. On Saturday, November 5, 2022, an ATF employee (herein referred to as ATF UC #1), working in an undercover capacity, made contact with ALTON at the Christian County Gun Show, in Nixa, Christian County, in the Western District of Missouri.

13. ATF UC #1 engaged ALTON in conversation and learned ALTON was selling Anderson AM-15 lower receivers. ALTON had a cardboard sign indicating the receivers were $100. ATF UC #1 handled the lone receiver on display and noted that it was an Anderson Manufacturing, model AM-15 lower receiver and it did bear a serial number. Of note: this is the same make and model that ALTON has purchased from FFLs located in Ohio and Kentucky.

14. ALTON said that if ATF UC #1 wanted to buy "multiples" they were available. The receiver was "stripped" and did not contain any other parts. ATF UC #1 asked if ALTON had a business card, and ALTON did not. ALTON said he lived in Branson, and he also indicated he attended other gun shows. ALTON wrote his name and phone number on a piece of paper, along with the items he sells. The telephone number was (573) XXX-0169. ALTON confirmed that he had enough lower receivers with him that he could fulfill a purchase of ten receivers.

15. On Monday, November 28, 2022, ATF UC #1 sent a text message to ALTON at telephone number (573) XXX-0169, asking if ALTON would be attending the Branson gun show on Friday (December 2). ATF UC #1 and ALTON exchanged a series of text messages for the purchase of lower receivers at the Taney County Gun Show on December 2, 2022.

16. On Thursday, December 1, 2022, ATF UC #1 received a text message from ALTON, asking for a return phone call. ATF UC #1 then had a recorded phone conversation with ALTON in which the two discussed the purchase of ten lower receivers and lower parts kits.

17. On Friday, December 2, 2022, ATF UC #1 made a purchase of evidence from ALTON at the Taney County Gun Show, which was held at the Branson Sports Club, located in

Taney County, in the Western District of Missouri. ALTON asked if ATF UC #1 wanted to purchase "ten" and ATF UC #1 agreed. ALTON sold the firearm receivers to ATF UC #1 for $100 each. ATF UC #1 also purchased eight lower parts kits from ALTON. The lower parts kits were $50 each. The total transaction price was $1,400.

18. ALTON did not have enough lower parts kits to be able to sell ATF UC #1 ten kits at the show. ALTON said he would be contacting ATF UC #1 when he received more lower parts kits. ATF UC #1 asked ALTON if he ever built any of the lower receivers for sale. ALTON said that he did not, and added, "I kinda wanted to keep it separate." He went on to say that this would allow him to say, "All I did was sold stripped lowers."

19. During the purchase of the evidence, ALTON did not ask for identification, provide a receipt, or charge any sales tax. ALTON said he was now selling "M5" lower receivers but did not yet have the lower parts kits for the M5 lower receiver. ALTON explained the "M5" lower receiver was for .308 caliber ammunition. ALTON said the M5 lower receivers would sell for $250 each and were made by Aero Precision. ALTON said he would have lower parts kits for the M5 receiver.

20. On Saturday, December 17, 2022, ATF UC #1 made a purchase of evidence from ALTON at the RK Gun Show, which was held at the KCI Expo Center, Kansas City, Platte County, in the Western District of Missouri.

21. During the encounter, ATF UC #1 greeted ALTON. ALTON said he decided to attend the Kansas City show instead of the Fayetteville show. ALTON said the Fayetteville show was closer to home, but ALTON thought he might make more money in Kansas City before Christmas.

22. The purchase price for the two lower receivers was $250 each, the lower parts kits for the M5 receivers were $70 each, and the lower parts kits for the AR-15 lower receivers were $50, for a grand total of $740. ALTON did not ask for any form of identification and did not provide any type of receipt for the firearms or lower parts kits.

23. In addition to ATF UC #1 making a controlled purchase of evidence from ALTON at the RK Gun Show in Kansas City on December 17, 2022, another ATF employee (hereinafter referred to as ATF UC #2) made a controlled purchase of firearms from ALTON at the same show. ALTON said to ATF UC #2 regarding dealing in firearms, "Basically, I'm private, as long as you're a Missouri resident and you can legally own, then we're doing business, that's all I ask." ALTON did ask to see ATF UC #2's driver license, but did not write or otherwise notate any of the information from the license. ATF UC #2 asked ALTON, "You don't keep no records or anything?" ALTON replied, "No." ALTON continued, "I'm the same way as you guys."

24. ATF UC #2 purchased an Anderson, model AM-15 lower receiver from ALTON, and also purchased an Aero Precision, model M5 lower receiver from ALTON. ATF UC #2 also purchased the necessary lower parts kits. The total purchase price for this transaction was $475.

25. On January 12, 2023, an Anderson, model AM-15 pistol was recovered by law enforcement in a homicide investigation in Kansas City, Missouri. A review of the trace summary indicates the firearm was purchased by Phillip ALTON, on or about December 22, 2022, 21 days prior to the recovery. The address provided by ALTON on the ATF Form 4473 associated with the firearm was 30911 Nodaway Drive, Lebanon, Missouri 65536 (the "PREMISES"). This is a location within Laclede County in the Western District of Missouri. The FFL involved in the transaction with ALTON indicated that ALTON purchased an additional 39 receivers during the same transaction.

26. On January 21, 2023, an Anderson, model AM-15 pistol was recovered by law enforcement at an "Airbnb party" attended by juveniles, without adult supervision, in the City of St. Louis, Missouri. A review of the trace summary indicates the firearm was purchased by Phillip ALTON, on or about December 29, 2022, 23 days prior to the recovery.

27. On January 28, 2023, an Anderson, model AM-15 pistol was recovered by law enforcement during a shooting investigation in Springfield, Missouri. A review of the trace summary indicates the firearm was purchased by Phillip ALTON, on or about November 30, 2022, 59 days prior to the recovery. The FFL involved in the transaction with ALTON indicated that ALTON purchased an additional 99 receivers during the same transaction.

28. On the morning of Tuesday, February 7, 2023, ATF Special Agents Colleen Peery and Jerry Wine went to 236 Green Acres Road, in Branson, Taney County, Missouri. The special agents knocked on the door and spoke briefly with Andrew Alton, believed to be Phillip ALTON's brother. Andrew provided the special agents with ALTON's phone number, which was the same phone number previously given to undercover agents by ALTON.

29. In the afternoon hours of Tuesday, February 7, 2023, SA Peery called ALTON at telephone number (573) XXX-0169. A male answered the phone and identified himself as "Phillip". Special Agent Peery identified herself and said she was following up on a firearm that was recovered in Kansas City. Special Agent Peery explained that the recovered firearm showed ALTON as the original purchaser. Special Agent Peery said she was trying to determine how the firearm turned up in Kansas City and asked if the rifle had possibly been stolen. ALTON said he did not know how a firearm might have turned up in Kansas City but he also said that he had not been the victim of a gun theft.

30. Special Agent Peery said the firearm was an "AM-15". ALTON repeated, "AM-15 rifle." Special Agent Peery asked if it could have been a receiver that was built into a rifle. ALTON said he had traded "some", but described them as receivers, not a built rifle. ALTON said he could not recall when this would have been. Special Agent Peery clarified that the trace summary showed an address of Lebanon, Missouri, but ALTON was living in Branson. ALTON said he was currently living with his brother in Branson, as they were dealing with healthcare issues with their mother.

31. Special Agent Peery asked if ALTON kept any of the serial numbers of the firearms, and he said he kept some serial numbers. Special Agent Peery asked if he had sold anything in the last year. ALTON said he was sure he had, and he traded different things, but could not remember back to September. Special Agent Peery asked if he built any of the firearms, and ALTON said he had built one for himself. Special Agent Peery asked ALTON if he kept the firearms locked up at the addresses listed and ALTON said he did. ALTON indicated that since he is staying with his brother in the Branson area, there is generally always someone at the Branson house. ALTON said he believed he kept firearms at both addresses, meaning the residence in Branson and the PREMISES. Special Agent Peery asked that ALTON go through his firearms and verify that all his firearms were accounted for, and ALTON agreed.

32. Special Agent Peery asked if ALTON kept his firearms in a safe. ALTON replied, "Yes, ma'am, they are kept safe, yes ma'am." However, ALTON continued with saying the firearms are not always kept in a gun safe. Special Agent Peery clarified that they were talking about the residence in Branson, and ALTON agreed.

33. On Tuesday, February 14, 2023, I and other ATF special agents executed a search warrant on 236 Green Acres Road, Branson, Missouri 65616, which had been issued by the

Honorable David P. Rush, Chief United States Magistrate Judge for the Western District of Missouri, case number 23-SW-2015DPR. While on scene, agents discovered that ALTON was not present. ALTON's brother, Andrew Alton, was present at the residence and he stated that ALTON was in Lebanon, Missouri. During the search of that residence, agents located one receiver and a large amount of bulk United States currency. Included in this currency was currency labeled with notes indicating association with firearms.

34. On February 14, 2023, Special Agent Peery contacted ALTON telephonically at (573) XXX-0169. Special Agent Peery identified herself and told ALTON she needed to speak with him. ALTON agreed to meet with Special Agent Peery at the ATF Field Office in Springfield, Missouri. ALTON explained he was in the Lebanon, Missouri area and would be driving to Springfield. Two ATF special agents went to the PREMISES but did not see ALTON's registered vehicle in the area. The special agents parked in the driveway of the PREMISES in order to speak with ALTON if he arrived at the residence.

35. A short time later, ALTON called Special Agent Peery and said his neighbor had called and said there were two trucks on ALTON's property in Laclede County. The two trucks were the official government vehicles of the two ATF special agents parked at the PREMISES.

36. ALTON asked if the special agents would be "kicking in his door". Special Agent Peery explained that the agents would like ALTON's consent to search the PREMISES, but if ALTON denied his consent, the agents would likely seek a search warrant. ALTON said he did have firearms inside the PREMISES and said he had completed the ATF Form "4873" for the firearms. This statement indicates that ALTON completed the required Firearms Transaction Record (ATF Form 4473). ALTON then provided verbal consent for ATF to search the PREMISES.

37. Additional investigators then began traveling from Springfield, Missouri to the PREMISES to meet with ALTON. Special Agent Peery called ALTON to advise him the investigators would be at the premises shortly. ALTON then verbally withdrew his consent to search the PREMISES, but did agree to have an in-person interview with Special Agent Peery at a police or sheriff's office. The special agents remained at the PREMISES to provide scene security while a search warrant was sought.

38. A check of available records from the Laclede County, Missouri Collector's Office shows the owner of this property to be Phillip ALTON, P.O. Box 1027, Lebanon, Missouri. The parcel number is identified as: 063007000000001013.

39. I have received specialized training in determining the interstate movement of firearms. I know that Anderson Manufacturing and Aero Precision lower receivers are not manufactured in the state of Missouri. I have concluded that the firearms have likely traveled in and affected interstate commerce to be present in Missouri.

40. I also know that the purchase of at least 600 firearm receivers, which are firearms as defined in 18 U.S.C. § 921(a)(3)(B), and the subsequent sales of receivers by ALTON as described above, is not related to "occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms" as notated in 18 U.S.C. § 921 (a)(21)(C).

41. Through almost 23 years of state and federal law enforcement experience, I have participated in or have knowledge of the execution of numerous search warrants for firearms. Based on my experience and the experience of other ATF special agents, I know that a person maintains their firearms in their homes as well as stores firearms within their vehicles for hunting purposes, self-defense purposes, and criminal activities, for extended periods of time. I know that

11
Case 6:23-sw-02016-DPR   Document 1-1   Filed 02/14/23   Page 11 of 14

persons who engage in the business of dealing in firearms usually possess firearms in a secure location, such as a residence, likely in a security-type safe to protect their investment from theft or destruction. I also know that a person dealing in firearms will keep records of the order and acquisition of the firearms, along with records pertaining to the payment and profit or loss when engaging in the business of firearms dealing.

42. ATF UC #1 has personally communicated with ALTON via telephone call and text message, at telephone number (573) XXX-0169, and such communications were related to the purchase of firearms. Through my training and experience, I know that individuals typically carry their mobile devices and/or smart phones on their person, bring them in vehicles, and occasionally store or temporarily forget them in vehicles parked at residential locations. This likely includes vehicles parked on the PREMISES which ALTON may frequently occupy as a driver or passenger. Individuals also possess such devices at their residence and occasionally store or temporarily forget them at their residence.

43. Based on my training and experience, and discussions with other law enforcement officers, I know that it is common for individuals, such as ALTON, who commit crimes using electronic devices, to possess their electronic devices in secure locations within their residences, motor vehicles, other real property which they have dominion and control over, and on their person. I also know that these same individuals carry their electronic devices on their person and in their vehicles as they travel from place to place. Specifically:

    a. Those engaging in the illegal business of selling firearms often maintain evidence of their criminal activity at locations that are convenient to them, such as their residences and inside their vehicles. This evidence often includes communications with

suppliers and customers and other documentary evidence relating to commission of their crimes.

## CONCLUSION

44. Based on the foregoing facts contained in this affidavit, I have reason to believe, and do believe, that there is concealed within the premises of Phillip ALTON at 30911 Nodaway Drive, Lebanon, Laclede County, Missouri 65536, in the Western District of Missouri, firearms, packaging, paper and electronic documents, and cellular telephones, and other items associated with the engagement of firearms dealing without a Federal Firearms License.

45. I believe that probable cause exists for the issuance of a federal search warrant for the PREMISES, fully described in Attachment A, for the items listed in Attachment B, which are evidence of, property used in, and contraband and fruits of, the commission of crimes, specifically violations of 18 U.S.C. § 922(a)(1). Based on the foregoing, I request that the Court issue the proposed search warrant.

## REQUEST FOR SEALING

46. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and search warrant. These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal activity and public filing may alert the target(s) to the nature and extent of the investigation. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and search warrants via the internet and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online. Premature disclosure of the contents of this affidavit and related

documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness. Accordingly, there is good cause to seal these documents.

Further your affiant sayeth naught.

_____
Brian J. Fox
Special Agent
Bureau of Alcohol, Tobacco,
Firearms & Explosives

Subscribed and sworn to before me by telephone or other reliable electronic means on the ___14th___ day of February 2023.

_____
DAVID P. RUSH
Chief United States Magistrate Judge
Western District of Missouri